# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

MIDLAND PLASTERING CO., INC. and
WILLIAMS FUND PRIVATE EQUITY GROUP, INC.,

                    Plaintiffs,

     v.                                  Case No. 06-CV-1251

M&I MARSHALL & ILSLEY BANK and
UNITED NATION'S INSURANCE AGENCY, INCORPORATED
a/k/a UNITED NATION'S INSURANCE AGENCY, INC.
a/k/a UNITED NATIONS INSURANCE AGENCY, INC.,

                    Defendants.

_____

# ORDER

## I.    BACKGROUND

Plaintiffs Midland Plastering Co., Inc. ("Midland") and Williams Fund Private Equity Group, Inc. ("Williams") brought suit on December 5, 2006, against defendants M&I Marshall & Ilsley Bank ("M&I") and United Nation's Insurance Agency, Incorporated ("UNI"), alleging breach of contract, conversion and interference with contractual relations. Intervening plaintiff, First City Servicing Corporation ("First City"), was granted leave to intervene on September 17, 2008. On October 6, 2008, all of the parties to the action, except for M&I, filed a stipulation and proposed order with this court. That proposed order provides in pertinent part:

> IT IS HEREBY ORDERED that, in resolution of the Third-Party Complaint, it is adjudged that FIRST CITY has a valid lien in the amount of $115,200.00 upon the proceeds of MIDLAND's claims against UNITED NATION'S (the "Lien"), and that FIRST CITY does not have any lien upon, or, any other interest in (a) any and all proceeds of MIDLAND's claims against M&I MARSHALL & ILSLEY BANK, and

(b) any and all proceeds of WILLIAMS' claims against M&I MARSHALL & ILSLEY BANK.

IT IS FURTHER ORDERED that UNITED NATION'S shall deposit the sum of $128,000.00 with the Clerk of the Court, which shall be immediately disbursed in the following manner: (a) the Clerk of the Court shall disburse the sum of $12,800.00 to MIDLAND payable to Midland Plastering Co., Inc. and Mitan & Associates, P.C., and (b) the Clerk of the Court shall disburse the sum of $115,200.00 to FIRST CITY (in satisfaction of the Lien).

IT IS FURTHER ORDERED that MIDLAND's claims against UNITED NATION'S are dismissed with prejudice.

IT IS FURTHER ORDERED that UNITED NATION'S' counterclaims against MIDLAND are dismissed with prejudice.

(Docket #67). M&I was not a party to this stipulation or proposed order. Indeed, on October 9, 2008, M&I filed a response opposing the stipulation and proposed order (Docket #69) stating that the proposed order would violate the contractual terms of the Irrevocable Letter of Credit ("ILOC"), which, according to M&I, requires UNI "to return to M&I any funds [UNI] received under the ILOC that were not applied to the obligations the ILOC was intended to secure." (Docket #69 at 2).

Thereafter, on October 15, 2008, Williams and Midland filed an Emergency Motion to Strike Response Opposing Stipulation and/or for Entry of Proposed Order. (Docket #71). Williams and Midland asserted that M&I is not claiming any interest in the funds themselves, but is only claiming the right to be the successor custodian of the funds. (*Id.* at 3). Williams and Midland pointed out that under the proposed order the court would be the custodian, until the court distributed the funds according to the stipulation agreement. (*Id.* at 4). Williams and Midland

2

further posited that M&I "is not asserting any interest in the distribution," only in custody of the funds. (*Id.* at 4). Williams and Midland requested the court to strike M&I's response opposing the stipulation, and to enter the proposed order; suggesting that any further delay in doing so would jeopardize the agreement embodied in the stipulation. In accordance with Civil L.R. 7.1(b), M&I has twenty-one days from the date of the filing of the motion to respond to it (21 days from October 15th being November 5th). Williams and Midland thus moved this court in a Rule 7.4 Expedited Non-Dispositive Motion to require M&I to respond to Williams and Midland's October 15th Motion to Strike no later than October 22, 2008. (Docket #73). This motion, if granted, would truncate M&I's response time by fourteen days. Williams and Midland filed this motion on October 17, 2008, a Friday, thus the court did not receive electronic notification of the motion until Monday, October 20 - two days before the date the court is asked to impose as the deadline for M&I's response to the motion to strike.

## II.    ANALYSIS

The court well appreciates Williams and Midland's desire to conclude this litigation in an expeditious manner. By the same token, the court is loath to enter an order that distributes funds to which M&I may claim to have an interest although, in the final analysis, the interest being claimed by M&I may not be relevant. Yet, the court will not order the funds distributed and thus deprive M&I the opportunity to demonstrate that it does indeed claim a cognizable interest in the funds. At the

3

same time, the parties remain free to amend the proposed order to add appropriate language that the proceeds deposited by UNI will be held by the court pending resolution of any claim M&I might have to such funds. As for Williams and Midland's 7.4 Motion requesting that the court order M&I to respond to the Motion to Strike by October 22, the court will not grant the request. Parties should be able to have faith that the orderly procedure and timetables laid out in the Local Rules will be adhered to by the court. The court finds no reason to make an exception here.

Accordingly,

**IT IS ORDERED** that Williams and Midland's 7.4 Motion for entry of an order requiring any response to the "Emergency Motion to Strike Response Opposing Stipulation and/or for Entry of Proposed Order" to be filed by October 22, 2008 (Docket #73), be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of October, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge